UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 2:07-CR-110 |
| V. ) | District Judge Greer |
| ) | Magistrate Judge Inman |
| GARY KEVIN ADKINS ) | |

**SUPPLEMENTAL
REPORT AND RECOMMENDATION**

The United States has filed a motion for clarification (Doc. 26) in which it points out that the magistrate judge failed to address in his report and recommendation the status of the currency found in defendant Adkins' shoe on November 2, 2007.

This supplemental report and recommendation is intended to address that issue, and should be treated by the clerk as dispositive of the United States' motion.

The currency found in defendant's shoe on November 2, 2007, was the result of a search of defendant's person after his arrest by state authorities by virtue of defendant's indictment. That search, in other words, was incident to his arrest. Since that arrest was based upon an indictment, it necessarily follows that the arrest itself was based on probable cause. A search incident to an arrest based on probable cause is a well-established exception to the Fourth Amendment's requirement for a warrant; the police may make a full search of the arrestee for both weapons and evidence. *United States v. Robinson*, 414 U.S. 218 (1973); *United States v. Hughes*, 898 F.2d 63, 64 (6th Cir. 1990).

Accordingly, it is respectfully recommended that defendant's motion to suppress evidence of the currency found in defendant's shoe subsequent to this arrest on November 2, 2007, be denied.[1]

Respectfully submitted:

s/ Dennis H. Inman
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within ten (10) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).