UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:07-CR-110 |
| | ) | |
| GARY KEVIN ADKINS | ) | |

**O R D E R**

This criminal matter is before the Court to consider the Report and Recommendation of the United States Magistrate Judge dated April 1, 2008. In that Report and Recommendation, the Magistrate Judge recommends that the defendant's motion to suppress be denied in part and granted in part. The government has not filed an objection to the recommendation that the motion be granted in part. Therefore, it is hereby **ORDERED** that the Report and Recommendation is **ADOPTED** and **APPROVED IN PART**, [Doc. 24], and that the motion to suppress filed by the defendant in regard to evidence of contraband seized from his motorcycle on November 2, 2007 is **GRANTED**[1], and the motion to suppress filed by the defendant in regard his statement about the contraband seized from his motorcycle

---

[1] Although the Report and Recommendation lists this date as December 2, 2007, this obviously is a typographic error.

1

on November 2, 2007 is **GRANTED.** [Doc. 16].

The defendant has filed an objection to the recommendation that the motion to suppress be denied in part. [Doc. 39]. These objections concern evidence seized on July 6, 2007, pursuant to the search warrant issued by Criminal Court Judge John Dugger; the defendant's statements made on July 6, 2007; evidence seized after a search of the defendant's residence on October 26, 2007, and the defendant's statements made on that day; and evidence seized as a result of the search of the defendant's residence on November 2, 2007. The government has not responded to the defendant's objections.

## **EVIDENCE SEIZED ON JULY 6, 2007, PURSUANT TO A SEARCH WARRANT**

The defendant contends that the affidavit supporting the search warrant presented to the Honorable John Dugger, Criminal Court Judge of the Third Judicial District of Tennessee, does not state the reliability of the confidential informant, and therefore, does not suffice to establish probable cause. However, a part of the affidavit of Special Agent Gregg McNamara of the Tennessee Bureau of Investigation ("TBI") submitted to the issuing judge was the details of the officers' independent investigation which corroborated the informant's information. The information furnished by the informant, along with the information furnished by Special Agent

McNamara regarding the controlled buy of methamphetamine on July 6, 2007, recorded telephone calls made that date, and police surveillance of the buy, established that the informant's information was reliable even though the issuing judge was not informed of the informant's past history of reliability. Therefore, the totality of the circumstances support the issuing judge's finding that the search warrant was supported by probable cause. See *United States v. Pusey*, 189 Fed.Appx. 475, 480, 2006 WL 2075287, 4 (6th Cir. (Ohio)).

**DEFENDANT'S STATEMENT MADE ON JULY 6, 2007**

As to the July 6, 2007 statement, the defendant contends that he manifested a clear intent to cooperate with law enforcement and, therefore, the United States should not be allowed to use his statements against him based on Rule 410 of the Federal Rules of Evidence and Rule 11 of the Federal Rules of Criminal Procedure. Special Agent Richy Walker of the TBI testified that he orally gave the defendant Miranda warnings before he made a statement around 2:30 or 3:00 p.m. on July 6, 2007. On July 6, 2007, the defendant also signed an admonition and waiver, before he gave a statement later that day at 8:57 p.m. which specifically warned him that anything that he said could be used against him in court.

However, there is no evidence that plea negotiations were underway at that time, even though law enforcement agents agreed to inform prosecutors of

3

defendant's cooperation. Therefore, Fed. R. Evid. 410 and Fed. R. Crim. P. 11 are not implicated in this case and this objection will be overruled.

**EVIDENCE SEIZED AFTER A SEARCH OF DEFENDANT'S RESIDENCE ON OCTOBER 26, 2007**

The defendant contends that the entry on his property by agents of Morristown Police Department was itself unlawful because the entry was based upon a Jefferson County arrest warrant that was never executed, and as a result, his subsequent consent to search his premises was invalid. The proof is undisputed that the Jefferson County warrant for defendant's arrest on a charge of aggravated assault was both outstanding and valid on October 26, 2007, when officers came to his home and took the defendant into custody on the basis of that warrant. The fact that officers found methamphetamine as a result of a consensual search of a recreational vehicle parked on the property and also elected to arrest the defendant for possession of methamphetamine for resale in no way vitiates the legitimacy of the Jefferson County arrest warrant and the officers' presence on defendant's property. Accordingly, this objection will be overruled.

**DEFENDANT'S STATEMENTS MADE ON OCTOBER 26, 2007**

After the defendant's arrest on the Jefferson County warrant, and after being advised of his constitutional rights, the defendant signed an admonition and

4

waiver at 4:33 p.m., before he gave a statement at 4:35 p.m. in which he admitted to Detective Lieutenant Chris Blair of the Morristown Police Department that there was 1 ounce of methamphetamine in the recreational vehicle. This objection lacks merit and will also be overruled.

**EVIDENCE SEIZED AS A RESULT OF THE SEARCH OF DEFENDANT'S RESIDENCE ON NOVEMBER 2, 2007.**

The defendant objects to the Magistrate Judge's ruling concerning the defendant's motion to suppress evidence as a result of the search of his residence on November 2, 2007 because the defendant contends that there was a connection between defendant's consent to search his home and the seizure of the methamphetamine from his motorcycle which was parked in the parking lot of Colboch Harley-Davidson Motorcycle Shop in Morristown, Tennessee. Because this methamphetamine and his statement made on November 2, 2007 have been suppressed on the basis that the search of the motorcycle compartment was illegal, the defendant argues that the evidence seized as a result of the consensual search of his home later that day must also be suppressed because it is also tainted by the illegal search of his motorcycle.

It is clearly settled that evidence that was obtained as a result of an illegal search may be admitted if the causal connection between the illegal search and

5

discovery of challenged evidence is so "attenuated as to dissipate the taint." *Wong Sun v. United States*, 371 U.S. 471, 488 (1983). As explained by the Sixth Circuit in *United States v. Shaw*, 464 F.3d 615, 626 (6th Cir. 2006):

> The "question in such a case is whether ... the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint." Id. at 488, 83 S.Ct. 407 (internal quotation marks and citation omitted); see also *Brown*, 422 U.S. at 602, 95 S.Ct. 2254 (quoting Wong Sun ). "Dissipation of the taint resulting from an [illegality] ordinarily involves showing that there was some significant intervening time, space or event." *United States v. Buchanan*, 904 F.2d 349, 356 (6th Cir.1990).

The transcripts in this case of the hearing on March 28, 2008, reveal that the defendant executed both an Admonition and Waiver form and a Consent to Search form within the same time frame after he was transported to the Morristown Police Department. Although the defendant was advised of his constitutional rights prior to his execution of the Consent to Search form, the Supreme Court has noted that merely giving a Miranda warning does not sufficiently break the connection between an illegal detention and a confession or search. *Taylor v. Alabama*, 457 U.S. 687, 691 (1982). This Court FINDS that the mere giving of his constitutional rights does not break the connection between the illegal search in this case and the

6

defendant's execution of the Consent to Search form.

Because there was no significant intervening time, space or event between the time of the illegal search and the execution of the Consent to Search form, the Court FINDS that not only is the defendant's statement tainted by the illegal search of his motorcycle, but his consent to search is also "inextricably linked" to the discovery of the methamphetamine in the compartment of his motorcycle. See *United States v. Baldwin,* 114 Fed.Appx. 675, 684 (6th Cir. 2004). Therefore, the defendant's objection in regard to the search of his residence on November 2, 2007 is well-taken.

## CONCLUSION

After careful consideration of the record as a whole, including the transcripts of the hearing on March 28, 2008, and after careful consideration of the Report and Recommendation of the United States Magistrate Judge, it is hereby **ORDERED** that the defendant's objections are **OVERRULED**, and that this Report and Recommendation is **ADOPTED** and **APPROVED IN PART**, [Doc. 24] in regard to the following:

(1) The defendant's motion to suppress evidence seized on July 6, 2007, pursuant to the search warrant executed by Criminal Court Judge Dugger is **DENIED**;

(2) Defendant's motion to suppress his statements made on July 6, 2007, is **DENIED**; and

(3) Defendant's motion to suppress evidence seized after a search of his residence on October 26, 2007, and his statements made on that day, is **DENIED.**

However, it is also hereby **ORDERED** that the defendant's objection in regard to the search of his residence on November 2, 2007, is **SUSTAINED,** and the defendant's motion to suppress evidence seized as a result of the search of his residence on November 2, 2007, is **GRANTED**.

E N T E R:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE